# Messner v. Hendricks, Appellant.

*Promissory notes—Renewal notes—Payment—Affidavit of defense.*

In an action on a renewal promissory note, an affidavit of defense is sufficient, which alleges that by an oral agreement between the parties to the note, the payments to be made under an independent building contract, executed shortly before the maturity of the original note had been raised so as to include the indebtedness on the note, and that such payment had been made, and that the original note had thus been paid.

Argued Dec. 12, 1912. Appeal, No. 119, Oct. T., 1912, by defendant, from order of C. P. No. 3, Phila. Co., Dec. Term, 1911, No. 1,843, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Charles W. Messner v. John M. Hendricks. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Reversed.

Assumpsit on a promissory note.

Rule for judgment for want of a sufficient affidavit of defense.

126        MESSNER *v.* HENDRICKS, Appellant.

Statement of Facts—Opinion of the Court.    [53 Pa. Superior Ct.

The averments of the affidavit of defense are set forth in the opinion of the Superior Court.

The court made absolute rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Alfred R. Haig*, with him *Frysinger Evans* and *Lowrie Montgomery*, for appellant.—The affidavit of defense sets up payment with all the particularity requisite to send the case to a jury: Leas v. Hafer, 39 Pa. Superior Ct. 160; Gandy v. Weckerly, 220 Pa. 285; Clinch Valley Coal & Iron Co. v. Willing, 180 Pa. 165; Faux v. Fitler, 223 Pa. 568; Keller v. Cohen, 217 Pa. 522; Forcite Powder Co. v. Howley, 40 Pa. Superior Ct. 412.

*Frederick F. Windle*, with him *Evan B. Lewis*, for appellee.

Opinion by Morrison, J., February 27, 1913:

This is an action of assumpsit on a promissory note, dated April 12, 1909, for $832, due in three months. There is no dispute about the validity of the note as it was a renewal of a like note, dated January 12, 1909, due in three months for the same amount.   The defendant admits that he owed the plaintiff the amount of the first note and that the one in suit was given to take up the one of January 12, 1909.   The whole dispute between the parties is in regard to the payment of the note in suit. The affidavit of defense does not attempt to alter, reform or set aside the written agreement between the parties, dated March 26, 1909, but it does aver, quite strongly, and in detail, that the amount named in that contract, to wit, $2,582, which defendant agreed to pay to the plaintiff, was, first, by an oral agreement, and, subsequently, by said written agreement, made precisely $832 more than plaintiff was to receive for doing the electrical work in thirty-two houses at East Washington lane

and Ross street, for defendant, for the very purpose of paying and canceling the note of which the one in suit is a renewal. The affidavit of defense clearly avers that defendant complied, in all respects, with the terms of said written contract of March 26, 1909, and as stated in the affidavit of defense, "the said note was to be destroyed and all liability thereon cease." The affidavit further avers "that subsequently to the oral contract, to wit, on March 26, 1909, the plaintiff, and the defendant, the said oral contract being the inducement to the execution thereof, entered into a written contract supplemental to the said oral contract, a copy of which is hereto annexed, made part hereof, and marked exhibit "B," and a copy of which was filed with the Central Trust & Savings Company.

"That prior to the completion of said contract of March 26, 1909, and before the plaintiff was entitled to receive title to said property under the terms of said contract, the defendant gave to the plaintiff a renewal of said note for $832, dated April 12, 1909, payable in three months from the date thereof." Now it seems quite clear that if the affidavit of defense speaks the truth, which it must be assumed to do for present purposes, then the plaintiff has received payment in full for the note in suit and it ought, as said in the affidavit, "to be destroyed and all liability thereon cease."

The learned court below granted judgment for want of a sufficient affidavit of defense. In our opinion the court took a wrong view of the force and effect of the affidavit of defense. It simply avers payment of the note of which the one in suit is but a renewal and sets out very fully how the note was paid, through the compliance of the parties with the terms of the contract of March 26, 1909. If the defendant had set out in the affidavit that on a certain day, at a certain place, he met the plaintiff and paid him in cash $832, in full of the note in suit and that the plaintiff did not have the note there but said he would go home and destroy it, but in-

stead of so doing, kept the note and brought the present suit to again collect the amount thereof, and that the defendant does not owe the plaintiff for said note, or any other sum whatever, we do not suppose any judge or lawyer would say that such an affidavit would not carry the case to a jury. As we read and understand the affidavit of defense, the motion for judgment for want of a sufficient affidavit raised a question, not materially different in principle, from the one which has just been supposed. If the affidavit speaks the truth the plaintiff had received full value for the note before he brought this action.

The learned court below attached much importance to the fact that the contract of March 26, 1909, made no mention of the note, either the original or the renewal thereof, nor of its payment; and further, that the note in suit was executed and delivered about seventeen days after the execution of said written contract. This is true; but the note in suit being only a renewal of the one of January 12, 1909, it is not difficult to see that the defendant may not have thought that the renewal note at all changed the situation. Moreover, this is in some degree explained in the quotation we have made from the affidavit that at the time the defendant gave the note in suit, the terms of the contract of March 26, 1909, had not then been fully complied with. Of course it was foolish for the defendant to so renew the note of January 12, 1909, by executing and delivering the one in suit, without anything in the contract or in any other writing to show that compliance with the terms of the contract of March 26, 1909, was to satisfy the note in question, but the law must be administered so as to protect foolish persons, if it can be done in a manner not to conflict with well-settled rules of law and practice established to aid in the administration of justice.

The defendant having fully averred in the affidavit full compliance with the terms of the contract of March 26, 1909, and that such compliance paid and canceled the

note, the great questions here are, first, did the defendant fully comply with all of the terms of the contract of March 26, 1909? And, second, did such compliance pay and satisfy the note in suit? On these controlling questions of fact we all think the affidavit is sufficient to carry the case to a jury. We have not cited authorities, because we think the case turns on pure questions of fact.

The assignment of error is sustained and the judgment is reversed without prejudice, etc., and a procedendo is awarded.